Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839
Lawyer for Plaintiff Donna Pate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONNA PATE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PRINCESS CRUISE LINES, LTD., a ) <br> Bermuda corporation, TOUR ALASKA, ) <br> LLC, a Delaware corporation, ) <br> ALASKA HOTEL PROPERTIES, LLC, ) <br> a Delaware corporation, and ROYAL ) <br> HYWAY TOURS, INC., an Alaska ) <br> corporation  all d/b/a PRINCESS ) <br> TOURS and/or PRINCESS CRUISES, ) <br> ) <br> Defendants. ) <br> ) | Case No. A04-0259 CV (RRB) <br><br><br><br><br><br> **OPPOSITION TO** <br> **MOTION TO DISMISS** |

## INTRODUCTION

Defendants compare this claim for negligence due to conditions in a hotel bathroom in Interior Alaska to an international, intermodal contract of carriage beginning in an Australian port for delivery of expensive cargo to Savannah, Georgia, and on to Huntsville, Alabama. From there they seek to avoid responsibility by application of maritime law. The argument is flawed on several levels, not the least of which is that there

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 1 of 8      Pate 325.1    Dismiss.opp

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

is no admissible evidence of the terms of any agreement between Plaintiff Donna Pate and any defendant.

## FACTS

Plaintiff Donna Pate does not dispute the order in which she undertook her trip to Alaska. See Exhibit A to Defendants' Memorandum in Support of Motion to Dismiss (hereafter "Defendants' Memo"). She flew from Kansas City to Fairbanks on 11 July 2002, and on 13 July 2002 checked into the Mt. McKinley Princess Wilderness Lodge. She was hurt at that facility without ever embarking on a Princess ship. Nevertheless, defendants assert that because Ms. Pate *intended* to board a ship, a passenger contract that is not produced applies to all her actions preliminary to the actual cruise. As reflected in the complaint, the allegations of which must be taken as true, Ms. Pate was injured on dry land, in Interior Alaska, and makes no claim that she was injured aboard ship or that any shipboard personnel had anything whatsoever to do with her injuries.

Defendants have not produced the ticket which they assert forms the basis of the contract between Ms. Pate and themselves. Ms. Pate herself believes she provided it to the ship and thereafter has no idea what became of it. Affidavit of Donna Pate, attached. Indeed, in the usual course one would have to give one's ticket to the service provider – defendants. Thus, not only would it be error to apply maritime law to this strictly local dispute, but the terms of whatever contract existed cannot be shown by defendants.

## ARGUMENT

1. **Evidentiary Issues**.

Defendants contend that the contract between Ms. Pate and themselves is reflected in the attachment to the Affidavit of Dana Berger. However, it is apparent that the

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 2 of 8     Pate 325.1    Dismiss.opp

affidavit's attachment is hearsay, *i.e.*, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). The terms of the "contract" between Ms. Pate and defendants are not within the personal knowledge of Dana Berger, but rather are claimed to be contained in an "exemplar," *i.e.*, the statements in the exemplar sought to be admitted to prove their truth, are inadmissible unless they fall within an exception to the hearsay rule. Fed. R. Evid. 802. None of the listed exceptions under Fed. R. Evid.803 applies to the attachment to the affidavit. Hence, there being no evidence of any contract, and this incident concededly having occurred at a hotel in Interior Alaska, no claim of maritime jurisdiction can be made under what cannot be shown, *i.e.*, a "maritime" contract.

2.   **Maritime Law Does Not Apply**.

Defendants rely exclusively on *Norfolk Southern Railway v. Kirby*, 125 S.Ct. 385 (2004), for their argument that maritime law applies. In that case, bills of lading were executed for delivery of very expensive machinery for loading and shipment from the port of Sydney, Australia. The cargo was then discharged in Savannah, Georgia, and put on a train for final delivery to Huntsville, Alabama. The cargo came to harm on the train, and in the ensuing litigation the shipper sought to limit their liability under the bills of lading.

In determining that the contracts at issue were subject to admiralty jurisdiction, the U.S. Supreme Court observed that with respect to contracts, whether maritime law applies "'depends upon . . . the nature of and character of the contract,' and the true criteria is whether it has 'reference to a maritime service or maritime transactions.' *North Pacific S.S. Co. v. Hall Brothers Marine Railway & Shipbuilding Co.*, 249 U.S. 119, 125 (1919) (citing *Insurance Co. v. Dunham*, 11 Wall 1, 26 (1871))." *Norfolk South, supra* at 319. It

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 3 of 8    Pate 325.1    Dismiss.opp

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

also was important that each leg of the journey was essential to accomplishing the contract's purpose because delivery into Huntsville was required as opposed to simple delivery from Sydney to Savannah. Overall, the purpose of the contracts at issue in *Norfolk Southern* was to "effectuate maritime commerce" and hence the Court held the contracts at issue were maritime contracts subject to admiralty jurisdiction. However, had the marine components of the contract been "insubstantial" the Court would have found to the contrary.

The *Norfolk Southern* opinion draws heavily on *Kossick v. United Fruit Co.*, 365 U.S. 731 (19610. That case involved issues surrounding maintenance and cure, a concept peculiar to seamen and universally addressed under federal maritime law. It did not involve an injury to a tourist at a hotel who had never boarded a ship, and might never have boarded a ship. Clearly it was important to the *Kossick* court's holding that application of maritime law to the contract at issue protected a seaman, the historic words of admiralty courts. No such interest is implicated here. This is clearly a matter of local interest, and the Alaska Supreme Court has said so. *Long v. Holland America Line Westours, Inc.*, 26 P.3d 430 (Alaska 2001). Defendants have not, nor could they, articulate any federal admiralty interest in the condition of a hotel room bathroom in Interior Alaska. Indeed, by what tort rules would the case be decided if the claimed one-year limit was met and the case were filed in Los Angeles? It is conceivable that different substantive law would apply to different issues.

In the instant case, it is apparent that *Norfolk Southern* really has no application. Its language requires a finding that the instant contract as it relates to Ms. Pate's stay at the hotel is non-maritime. The contract did not require that Ms. Pate stay at the lodge where she was injured although, of course, she was entitled to. As a local tort occurring in

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 4 of 8     Pate 325.1     Dismiss.opp

an inland hotel, this is a matter of distinctly local interest. *See infra* at 5. Indeed, reference to the itinerary itself reflects that the majority of time was actually spent in Alaska prior to departure. *Cf. Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129 (2nd Cir. 1998) (services preliminary to maritime contract are not subject to maritime jurisdiction).

### 3. Contract Construction.

Defendants assert that the term "cruise" in what they claim is the contract [1] includes everything Ms. Pate did from the moment she left Kansas City for Alaska on 11 July 2002 and returned on 22 July 2002. The contract itself dispels that notion. Understandably, under the ostensible contract, "cruise" "means the voyage from the point of embarkation to the port of disembarkation." The next phrase, "and also includes any air, rail, road or sea transport," must, contextually, relate to the period between the port of embarkation and port of disembarkation, for there is no other context for it. The next phrase, "and land accommodation components of any land-sea package sold, taken with or included in the price of the cruise" does not alter the meaning of the term "cruise." The final phrase, "any activities, shore excursions, tours, or shoreside facilities related to or offered during the cruise" again does not change the initial definition of "cruise" as meaning the voyage from embarkation to disembarkation. Certainly in a contract of adhesion such as that sought to be imposed on Ms. Pate – the terms are not reasonably subject to negotiation, received by her two or three days before departure – the terms should not be construed other than favorably to her with any ambiguity resolved against defendants.

---

[1]   This argument is asserted without waiver of the admissibility issue.

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 5 of 8    Pate 325.1    Dismiss.opp

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

4.   **<u>Alaska Law Disposes of Defendants' Motion</u>**.

The Alaska Supreme Court in *Long v. Holland America Line Westours*, 26 P.3d 430 (Alaska 2001), addressed a very similar situation. There the cruise line sought to impose Washington law pursuant to a "cruise contract." However, applying choice of law principles found in *Restatement (Second)* § 187, the Alaska Supreme Court declined to apply Washington law as urged by the cruise line. Instead, it applied Alaska law, and refused to enforce a restricted statute of limitations or other onerous terms of the contract at issue.

In the case at bar, defendants have not asserted that the "contract" contains a choice of law provision. Thus, under appropriate choice of law principles, this Court should examine the place of contracting, the place of negotiation of the contract, the place of performance, and the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Restatement, supra* §6. As in *Long, supra*, the place of performance is Alaska, specifically the Mt. McKinley Princess Wilderness Lodge. To the extent there was any negotiation of "contract" terms at all, that issue has no more importance here than it did in *Long*. The same is true for the place of contracting. Moreover, as in *Long, supra*, the parties' domicile, residence, place of incorporation, and place of business "deserves less consideration than the place of contract performance." *Id*. at 433. As noted in *Long*, "because statutes of limitations are procedural, Alaska law, as law of the forum, governs in the absence of an effective choice of law. Additionally, there is a presumption that 'law of the state where the [personal] injury occurred' governs in the absence of an effective choice of law." *Id*.; quoting *Restatement, supra*, §146 (footnotes omitted). Under *Long*, the appropriate statute of limitations is two years and the venue provision cannot be and should not be honored. Indeed, as reflected in the complaint, the entity responsible for operation

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 6 of 8    Pate 325.1    Dismiss.opp

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

of the hotel has no connection whatsoever to California. It operates a lodge in Interior Alaska, is domiciled in Delaware, and Ms. Pate has elected to proceed in this forum, not Los Angeles.

## CONCLUSION

Defendants' motion to dismiss should be denied. This incident involves a simple personal injury at a hotel in Interior Alaska with absolutely no implications to the uniform application of maritime law principles. Without doubt the Founding Fathers would be astonished to learn that Article 6 of the Constitution served as the basis for depriving a person of a state tort remedy when the claim arose in a fall in a hotel bathroom in Interior Alaska. Clearly this is not a case requiring the Court to disregard a "pressing and significant Alaskan interest." *Kossick, supra* at 739. Under Alaska law, applicable in this diversity proceeding, there is a two-year statute of limitations and the case may proceed here.

DATED this 12 day of December, 2005.

                                LAW OFFICES OF CHARLES W. RAY, JR., P.C.
                                Lawyer for Plaintiff

                                By _/s/ Charles W. Ray_
                                    Charles W. Ray, Jr.
                                    ABA# 8406048

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 7 of 8    Pate 325.1    Dismiss.opp

I certify that on the 12th day of December, 2005, I caused a true and correct copy of the foregoing with attached affidavit to be sent via:
    ☒ U.S. Postal Service
    ☒ Facsimile
    ☐ Hand Delivery
    ☐
Other_____
to the following:

Richard Helm
Bookman & Helm, LLP
810 N St., Suite 200
Anchorage, AK 99501

By /s/ Diana Crame
Secretary to Charles W. Ray, Jr.

LAW OFFICES OF
CHARLES W. RAY, JR., P.C.
711 H STREET, SUITE 310
ANCHORAGE, ALASKA 99501
(907) 274-4839
FAX (907) 277-9414

OPPOSITION TO MOTION TO DISMISS
Pate v Princess Cruise, et al. A04-0259 CV (RRB)
Page 8 of 8    Pate 325.1    Dismiss.opp

Charles W. Ray, Jr.
LAW OFFICES OF CHARLES W. RAY, JR.
711 H Street, Suite 310
Anchorage, AK 99501
(907) 274-4839
Lawyer for Plaintiff Donna Pate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONNA PATE, ) | Case No. A04-0259 CV (RRB) |
| Plaintiff, ) | |
| vs. ) | |
| PRINCESS CRUISE LINES, LTD., a ) Bermuda corporation, TOUR ALASKA, ) LLC, a Delaware corporation, ) ALASKA HOTEL PROPERTIES, LLC, ) a Delaware corporation, and ROYAL ) HYWAY TOURS, INC., an Alaska ) corporation all d/b/a PRINCESS ) TOURS and/or PRINCESS CRUISES, ) | AFFIDAVIT OF DONNA PATE |
| Defendants. ) | |

STATE OF KANSAS     )
                                      ) ss.
JOHNSON COUNTY

    I, DONNA PATE, being first duly sworn, depose and state that, I am over the age of 18, and have personal knowledge of the following facts:

    1.    I am the plaintiff in this action.

    2.    I believe that when we boarded the ship in Seward, Alaska,

the day after I was hurt at the Mt. McKinley Princess Wilderness Lodge, my husband and I simply gave our tickets to ship personnel and were given in exchange plastic cards for leaving

3. We received the ticket from our travel agent only two or three days before our departure from Kansas City.

4. I, DONNA PATE, certify, under penalty of perjury, that no notary public or other official empowered to administer oaths is available to witness my signature, and that the statements contained in this affidavit are true and correct to the best of my knowledge, and that I signed said document voluntarily, and for the uses and purposes therein set forth.

DATED this _12_ day of December, 2005, at Olathe, Kansas.

_Donna Pate_
Donna Pate