FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 30 AM 11: 17

Richard A. Helm, Esq.
Bookman & Helm, LLP
810 N Street, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DONNA PATE,<br><br>    Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a Bermuda corporation, TOUR ALASKA, LLC, a Delaware corporation, ALASKA HOTEL PROPERTIES, LLC, a Delaware corporation, and ROYAL HYWAY TOURS, INC., an Alaska corporation all d/b/a PRINCESS TOURS and/or PRINCESS CRUISES,<br><br>    Defendants. | Superior Court Case No. 3AN-04-8890 CI<br><br>Case No. A04-0259 CV *(RRB)* |

### REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

#### Introduction

Defendants moved to dismiss this case based on two provisions of the contract between plaintiff and Princess Cruise Lines. These provisions require that any claim for injuries be filed in a court in Los Angeles County, California and that any such claim be brought within one year of the accident. Plaintiff does not deny or dispute the terms of the contract nor that she failed to comply with both provisions. She claims that the Supreme Court opinion in *Norfolk Southern Railway v. Kirby* does not apply to this case, but fails to distinguish that case in any meaningful way.

#### Uncontested Issues

Plaintiff does not deny that the complaint was filed more than one year after the accident. She does not deny that her claim was filed in Alaska rather than California. The ticket was received

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

by the plaintiff two or three days before she left Kansas City and she thinks she handed it to ship personnel when she boarded the ship in Seward, which would be at least four days after she left Kansas City. Affidavit of Donna Pate, ¶¶ 2, 3. The land portion of the cruisetour was before boarding the ship. Plaintiff does not dispute the itinerary stated in the moving papers. She states that she flew from Kansas City to Fairbanks on July 11, 2002. According to Exhibit B to the Memorandum In Support of the Motion to Dismiss, she spent the first two nights in Fairbanks, the third night at the Denali Princess Wilderness Lodge, and the fourth night at the Mt. McKinley Princess Wilderness Lodge. The next seven nights were spent on board the Sun Princess. There is no evidence that any land packages were sold separately from ocean going packages by Princess Cruise Lines. The land portion of plaintiff's cruisetour was part of the same contract as the cruise on the Sun Princess.

Although plaintiff claims that the terms of the contract are not properly before the Court, she does not deny that the contract provided for suit to be filed in Los Angeles County, California, and that it be filed within one year of the date of the alleged claim.

## Issues Raised by the Opposition

Plaintiff asks that the motion to dismiss be denied for several reasons. Each of these reasons will be addressed in the Points and Authorities, below. She argues that:

1. The terms of the contract are based on hearsay and may not be considered by the Court.

2. Maritime law does not apply, because this is a matter of local interest.

3. The contract should be construed favorably to the plaintiff with any ambiguity resolved against the defendants.

4. Alaska law should apply.

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV          Page 2 of 7

Points and Authorities

A.   The terms of the contract are not disputed and are properly before the Court.

In her affidavit, Dana Berger states that Exhibit 1 to her affidavit contains the contract terms attached to every ticket issued by Princess Cruise Lines for cruisetours to Alaska in 2002. She states that she has personal knowledge of this. Her statement is under oath and it is not hearsay. She is not quoting someone else asserting that what someone else said is true. The exemplar is not a statement by someone else. It is a document.

Evidence Rule 801 defines hearsay. Hearsay is a statement other than one made by the declarant offered to prove the truth of the matter asserted. A statement is an oral or written assertion. In our case, the assertion is that the terms of the contract are those attached to the affidavit of Dana Berger. Dana Berger is making the assertion; she is the declarant. She is not claiming that someone other than herself made the assertion. The contract is not an assertion. Her statement is, therefore, not hearsay and the hearsay rule does not apply.

B.   Maritime law applies to this case.

This Court is not bound by *Long v. Holland America Line Westours*, 26 P.3d 430 (Alaska 2991) unless the Court is applying Alaska law. "A cruise line passage contract is a maritime contract governed by general federal maritime law." *Wallis v. Princess Cruises, Inc.*, 306 F.3d 827, 834 (9th C.A. 2002). *Long* preceded *Norfolk Southern Railway v. Kirby*, 125 S.Ct. 385 (2004) and, therefore, could not apply the analysis contained in that decision to determine if maritime law applied to an accident occurring on land. *Long* addressed the question of whether Washington or Alaska law applied, not whether maritime law applied. This Court is bound by *Norfolk Southern*, and must begin with a determination of whether maritime law applies. As noted in the memorandum in support of the motion to dismiss, the question is whether a substantial portion of the contract is to be performed at sea or whether the sea portion of the contract is insubstantial. 125 S.Ct. at 395. The

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV           Page 3 of 7

contract was for a four-day land tour coupled with eight days and seven nights at sea. The land portion was one of many options available to plaintiff to add to her cruise. In addition, the contract specifically states that it applies to any land accommodation components of any land-sea package sold, taken with or included in the price of the cruise. Under *Norfolk*, the contract is a maritime contract and maritime law applies. A substantial portion of the contract was performed at sea, and, stated another way, the sea portion of the contract was not insubstantial.

Plaintiff correctly notes that *Norfolk* distinguishes between a maritime and a non-maritime contract by the nature of and character of the contract and the true criteria is whether it has reference to a maritime service or transaction. Opposition to Motion to Dismiss, p. 3. She then argues that *Norfolk Southern* has nothing to do with our case because her accident occurred in a hotel miles from the sea. But that is exactly the point of *Norfolk*. In *Norfolk*, the accident occurred miles from the sea in a train wreck. It is the contract that the Court must look at, to determine if it has reference to maritime service or a maritime transaction. In our case, there is one contract which contains a land and sea package. The contract is specifically made applicable to the land portion of the tour and the primary portion of the contract takes place on the sea. Since the sea portion of the contract is not insubstantial, maritime law applies. Whether the land portion of the contract takes place before or after the voyage makes no difference.

*Shipping Financial Services Corp v. Drakos*, 140 F.3d 129 (2nd C.A. 1998) does not apply because, as stated by plaintiff, the court determined that the services in question were preliminary to the maritime contract. The accident which is the subject of our case occurred during the contract, and was not preliminary to it.

*Kossick v. United Fruit Co.*, 81 S.Ct. 886 (1961) does not hold that this case is inherently local. It held that when a contract is a maritime one, and the dispute is not inherently local, federal law controls. *Id.* at 886, *Norfolk,* 125 S.Ct. at 392. *Norfolk* held that a train wreck miles from the

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV         Page 4 of 7

sea was not an inherently local dispute, but that this was part of the maritime contract. The same is true in this case. The land portion of the contract between plaintiff and Princess Cruise Lines is no more inherently local than train transportation. Nothing in *Kossick* suggests otherwise.

C.   The Contract Clearly Covers the Land Portion of the Cruise/Tour.

Citing no authority, plaintiff argues that this is a contract of adhesion and that any ambiguity should be construed against the defendants. There are no ambiguities. There was only one contract between plaintiff and the defendants. The terms of the contract are attached to the affidavit of Dana Berger, submitted with the memorandum in support of the motion to dismiss. That contract defines "cruise" in section 1: "[T]he voyage from the port of embarkation to the port of disembarkation and also includes any air, rail, road or sea transport <u>and any land accommodation components of any land-sea package sold</u>, taken with or included in the price of the Cruise, and any activities, shore excursions, tours, or shoreside facilities related to or offered during the Cruise." [Emphasis added.] Plaintiff claims that she fell in a hotel which was included as part of the land-sea package. The hotel was a land accommodation component of the land part of the land-sea package sold. To the extent that plaintiff believes there is any ambiguity in the term cruise, that ambiguity is dispelled by the definition of cruise in the contract.[1]

---

[1] Although not directly raised in her opposition, plaintiff hints that she might have some other objections to enforcing the terms of the contract. In her affidavit, plaintiff states that she received her ticket from her travel agent two or three days before departure. She does not argue that this would somehow invalidate the terms of the contract contained in the ticket. The ticket was received by her agent, the travel agent, before it was delivered to her. She had an opportunity to keep a copy of her ticket, if she chose to do so. Princess had no obligation to keep a copy of the contractual terms of this particular ticket because all of its tickets contained the same terms. In addition, two or three days before departure is adequate opportunity for the plaintiff to read the ticket and inform herself of its terms, as a matter of law. *Roberson v. Norwegian Cruise Line*, 897 F.Supp. 1285, 1289 (C.D.Cal. 1995). It appears that the reason for bringing this suit in State Court in Anchorage by a resident of Kansas against a resident of California was to select a forum where a

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV                    Page 5 of 7

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

D.     <u>Alaska Law Does Not Apply to This Case</u>.

As noted above, maritime law, not Alaska law applies to this case. The Alaska Supreme Court in its three/two decision in *Long v. Holland America Line Westours, op. cit.,* ruled that Alaska law applied to an injury in Kotzebue when the plaintiff was on a tour with Holland America. The Holland America contract provided that Washington law would apply to any claims made against it for personal injuries and that any claim for such injuries be made within one year. 26 P.3d at 431. The Alaska Supreme Court ruled that it would not enforce the choice of law provision, and applied Alaska law. *Id.* at 432-435. It also ruled that it would not enforce the one-year limitation under Alaska law. *Id.* at 437.

*Long* does not apply to our case, because maritime law does and both the forum selection clause and time limitation clauses are enforceable under maritime law. *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522 (1991), *Kukje Hwajae Insurance Co. v. M/V Hyundai Liberty,* 408 F.3d 1250 (9th C.A. 2005), and *Osborn v. Princess Tours, Inc.,* 1995 AMC 2119 (S.D.Texas. 1995) [forum selection clauses]. *Dempsey v. Norwegian Cruise Line,* 972 F.2d 998 (9th C.A. 1992), *Osborn v. Princess Tours, Inc.,* 1996 AMC 1481 (C.D. California 1996), *Lubick v. Travel Services Inc.,* 573 F.Supp. 904 (D.V.I. 1983), 46 U.S.C. Appx. 183b(a) [time limitation clauses]. Once the Court determines that maritime law applies under *Norfolk,* that ends the discussion of whether a contractual time limitation can be enforced under Alaska law.

### Conclusion

This case falls squarely under the rule of law enunciated in *Norfolk Southern Railway v. Kirby.* When a contract has a substantial relationship to marine transportation, it is governed by

---

different statute of limitations other than that agreed to might be imposed. Because plaintiff did not directly raise these issues, nor did she cite any authority for them, they are not addressed in the body of the memorandum.

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV            Page 6 of 7

BOOKMAN & HELM, LLP
Attorneys At Law
810 N Street, Suite 200
Anchorage, AK 99501
Telephone: (907) 265-5793
Facsimile: (907) 279-4851

maritime law. This contract encompassed a seven night cruise and included an additional four night land tour. The contract is, therefore, covered by maritime law. Since the contract provided that any suit against the Princess Cruise Lines and its subcontractors be filed in California and within one year of any accident, and since the plaintiff complied with neither of these provisions, the case should be dismissed. There are no issues of material fact; therefore, the Court can rule as a matter of law.

DATED at Anchorage, Alaska this ___ day of December, 2005.

BOOKMAN & HELM, LLP
Attorneys for Defendants
Princess Cruise Lines, LTD, Tour Alaska, LLC, Alaska Hotel Properties, LLC, Royal Hyway Tours, Inc., all d/b/a Princess Tours and/or Princess Cruises

By: _____
Richard A. Helm
Alaska Bar # 7011059

I HEREBY CERTIFY that on this 30th day of December 2005, a true and correct copy of the foregoing document was served by first-class mail, postage pre-paid on:

Charles W. Ray, Jr.
711 H Street, Suite 310
Anchorage, Alaska 99501

_____
Lynda M. Hile

Reply Memorandum in Support of Motion to Dismiss
*Pate v. Princess Cruise Lines, et al.*
Case No. A04-0259 CV                    Page 7 of 7