IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DONNA PATE,<br><br>        Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD., a Bermuda corporation, TOUR ALASKA, LLC, a Delaware corporation, ALASKA HOTEL PROPERTIES, LLC, a Delaware corporation, and ROYAL HYWAY TOURS, INC., an Alaska corporation all d/b/a PRINCESS TOURS and/or PRINCESS CRUISES,<br><br>        Defendants. | Case No. 3:04-CV-0259-RRB<br><br><br><br><br><br>**ORDER GRANTING MOTION<br>TO DISMISS** |

## I. INTRODUCTION

Before the Court are Defendants Princess Cruise Lines, LTD., et al., with a Motion to Dismiss (Docket No. 17). Defendants argue the matter presently before the Court should be dismissed because the "passage contract" at issue "requires that the passenger/plaintiff file suit within one year of the injury and that any such suit be filed with a court in the County of Los

ORDER GRANTING MOTION TO DISMISS - 1
3:04-CV-0259-RRB

Angles, California," and Plaintiff Donna Pate did neither. Moreover, Defendants argue the "passage contract" is a maritime contract, whereby maritime jurisdiction is applicable. Plaintiff opposes at Docket No. 23 and argues, "there being no evidence of any contract, and this incident concededly having occurred in Interior Alaska, no maritime jurisdiction can be made under what cannot be shown, i.e., a 'maritime' contract."[1] The Court disagrees.

**II. FACTS**

"Plaintiff claims she was injured when she fell stepping from a shower at the Mt. McKinley Princess Wilderness Lodge in Talkeetna, Alaska, on July 14, 2002."[2] Exactly two years later, she "filed suit in the Alaska Superior Court in Anchorage, Alaska . . . ."[3] Defendants "removed the case to this Court and a motion to remand was denied."[4]

Defendants now move to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 56, because:

> [P]laintiff did not file it within one year as provided by the passage contract contained in her ticket for her cruise and the associated land tour, and because she did not file the

---

[1] Clerk's Docket No. 23 at 3.

[2] Clerk's Docket No. 17 at 1.

[3] Id.

[4] Id.

case in a court in Los Angeles County, California, also required by the contract.[5]

"Defendants have not produced the ticket which they assert forms the basis of the contract between [Plaintiff] and themselves."[6] Notwithstanding, Defendants *have* produced the pertinent language that was contained within the four corners of every "passage contract" issued during the time period relevant to this matter.[7]

**III. STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if there is no genuine dispute as to material facts and if the moving party is entitled to judgment as a matter of law. The moving party has the burden of showing that there is no genuine dispute as to material fact.[8] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[9] Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue

---

[5] Id.

[6] Clerk's Docket No. 23 at 2.

[7] See Clerk's Docket No. 19, Ex. 1.

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[9] Id. at 323-325.

for trial.[10]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[11]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[12]

**IV. DISCUSSION**

The "passage contract" at issue is a "cruise line passage contract."  Consequently, it is governed by maritime law.[13]  The fact that the original "passage contract" cannot be located is irrelevant.  Plaintiff has failed to produce any probative evidence showing that she boarded the ship in Seward without the use of a "passage contract."  Indeed, Plaintiff avers she "gave [her 'passage contract'] to ship personnel and [was] given in exchange [a] plastic card[] for leaving."[14]

---

[10]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-9 (1986).

[11]  Id. at 255.

[12]  Id. at 248-9.

[13]  Wallis v. Princess Cruises, Inc., 306 F.3d 827, 834 (9th Cir. 2002)(citation omitted)("A cruise line passage contract is a maritime contract governed by general federal maritime law.").

[14]  Clerk's Docket No. 23, Ex. A at 2.

ORDER GRANTING MOTION TO DISMISS - 4
3:04-CV-0259-RRB

Consequently, the Court further concludes Plaintiff was legally chargeable with notice of: (1) the time limitations clause; and (2) the forum selection clause, contained within the applicable "passage contract."[15]

## V. CONCLUSION

Because Plaintiff has failed to show that there is a genuine issue for trial wherein a reasonable juror could return a verdict in her favor, i.e., because Plaintiff did not file her claim(s) within one year, as provided by the "passage contract" at issue, said claim(s) is/are time-barred.

Moreover, inasmuch as Plaintiff did not file the case in a court in Los Angeles County, California, as further provided by the pertinent language contained within the applicable "passage contract," the instant matter must be dismissed.

---

[15] Citing no authority, Plaintiff briefly argues the "passage contract" at issue "is a contract of adhesion and that any ambiguity [found therein] should be construed against the [D]efendants." Clerk's Docket No. 29 at 5. While the Court is sympathetic to this argument, it cannot stand as a matter of law. There are no apparent ambiguities to be found within the four corners of the "passage contract," and Plaintiff had ample opportunity, indeed, a legal responsibility, to read the ticket and inform herself of its terms. See, e.g., Kendall v. American Hawaii Cruises, 704 F. Supp. 1010, 1014-17 (D. Haw. 1989)(finding that plaintiff, who actually had opportunity to read ticket before cruise, had sufficient notice of clear and obvious contractual provision even though page of ticket containing provision was missing after cruise); Geller v. Holland-America Line, 298 F.2d 618, 619 (2d Cir.), cert. denied, 370 U.S. 909 (1962)(enforcing contractual provision in ticket where plaintiff never opened envelope containing ticket).

Defendants' Motion to Dismiss (Docket No. 17), therefore, is hereby **GRANTED**.

ENTERED this 26th day of January, 2006.

/s/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE